Chief Judge Desmond
(dissenting). Nearly 50 years ago the Supreme Court of Washington unanimously upheld an identical statute as against the same sort of attack mounted here (State v. Angevine, 104 Wash. 679, 684).
*193 The question is not whether certain conduct comes within the conventional concepts of “ contempt of court ” but whether the Legislature may validly make it a misdemeanor to publish “ a false or grossly inaccurate report” of court proceedings. No reason appears why this ancient statute should not be enforced. It is not of controlling or any importance that the first sentence labels as “ a contempt ’ ’ each of the numerous acts and commissions listed in the section’s seven subdivisions. Our only inquiry is as to the existence of legislative power to proscribe as misdemeanors such acts or omissions.
This indictment quotes a statement which appeared in defendant’s newspaper that in County Court a witness named Holloway charged that he had been beaten by Police Sergeant Sardino. It alleges that the quoted part of the newspaper article was false and grossly inaccurate in that Holloway did not in fact make in court any accusations against Sardino. Certainly this alleges a violation of subdivision 7.
The second sentence of subdivision 7 says that no person can be punished under the section for publishing a full, true and fair report of proceedings had in court. While ordinarily it is a wrong to publish a false and defamatory statement concerning anyone, a newspaper is given a special privilege and immunity even as to publishing false and defamatory statements about a citizen provided they form part of a true, full and fair report of a court proceeding. However, the law is interested not only in protecting the newspaper when it publishes defamatory material which comes out in court proceedings but interested also in seeing to it that those reports of court proceedings, in order to merit such immunity, are true, full and fair. Immunity from libel for publishing defamatory matter brought out in court proceedings is subject to the condition that the publications must be true, full and fair. If they are entirely false or grossly inaccurate, criminal punishment may follow. Since there is no constitutional right to publish false statements there is in this subdivision no unconstitutional limitation of freedom of the press.
It will be the burden of the prosecution to prove that the quoted article was false or grossly inaccurate. If it turns out on the trial that the article was not “ grossly inaccurate ” but merely erroneous in some minor particular guilt will not be *194 established. Although it might possibly be shown in defense that the mistake was unavoidable, yet there is no need for pleading or proving intent since total falsity or gross inaccuracy prima facie makes out the crime.
The order should be affirmed.
Judges Fuld, Burke and Scileppi concur with Judge Foster; Chief Judge Desmond dissents and votes to affirm in an opinion in which Judges Dye and Van Voorhis concur.
Order reversed, etc.